**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian G Phillips, | No. CV-13-02057-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Salt River Police Department, et al., | |
| Defendants. | |

On October 9, 2013, pro se Plaintiff filed a complaint against Defendants Salt River Police Department, Maricopa County Sheriff's Department, Salt River Casino, and Bureau of Indian Affairs. Doc. 1. Plaintiff also filed an application to proceed in forma pauperis ("IFP"). Doc. 3. The Court screened the complaint, dismissed it for failure to state a claim, denied IFP status, and gave Plaintiff until January 6, 2014, to file an amended complaint. Doc. 6. Plaintiff filed an amended complaint (Doc. 7) on December 23, 2014, and filed an application requesting IFP status (Doc. 8). The amended complaint is virtually identical to Plaintiff's initial complaint, adding only a paragraph with some legal citations and an assertion that Plaintiff will file an amended complaint by January 5, 2014. Doc. 7 at 7. Plaintiff has filed no further amended complaint. The Court will deny Plaintiff's application for IFP and dismiss the amended complaint for failure to state a claim.

**I.     Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]"

28 U.S.C. § 1915(e)(2).  While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings.  *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc).  "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]"  *Id.* at 1130.  A district court dismissing under § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id.* at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully").

When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true."  *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient."  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery.  *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

**II.  Plaintiff's Amended Complaint.**

Plaintiff's amended complaint alleges civil rights violations and due process violations, including police misconduct, false arrest, conversion of personal property, collusion, and conspiracy.  Doc. 7 at 1-2.  Plaintiff alleges that his "property and vehicle

1  were illegally confiscated" and that his car was being driven by "an agent of defendant,
2  Salt River Police Department, illegally," and that his "civil and due process rights were
3  violated." *Id.* at 3  The complaint alleges that two "Maricopa Sheriff's Deputies were
4  arrested and indicted for illegally confiscating personal property and vehicles and selling
5  them on the black market," which Plaintiff alleges is "exactly what has happened to
6  plaintiff." *Id.*  The complaint then proceeds to explain that Plaintiff was arrested at Salt
7  River Casino because a security guard smelled marijuana odor outside his car. *Id.* at 5.

8  The complaint will be dismissed for the following reasons.

9  First, the amended complaint sets forth no facts related to this case regarding
10 improper conduct by the Maricopa County Sherriff's Office.  Plaintiff has failed to state a
11 claim against that Defendant.

12 Second, the amended complaint does not set forth the basis for liability against the
13 Salt River Casino, nor does it assert that the Casino is a jural entity subject to suit.
14 Plaintiff has failed to state a claim against that Defendant.

15 Third, the amended complaint sets forth no basis for liability of the Bureau of
16 Indian Affairs.  Plaintiff alleges that he brought his grievance to its attention, and that
17 nothing was done in response, but he does not explain how this gives rise to liability.
18 Plaintiff has failed to state a claim against the Bureau.

19 Fourth, read liberally, the amended complaint does appear to suggest that
20 Plaintiff's car and unspecified property were confiscated by the Salt River Police
21 Department and never returned.  But his complaint also refers to a civil action, brought
22 by "the Salt River D.A.," apparently for forfeiture of his property. Doc. 7 at 5.  Plaintiff
23 does not explain this civil action or whether his property was forfeited by court action.
24 Given the lack of factual clarity in Plaintiff's complaint, the Court cannot conclude that
25 he has set forth a plausible claim for relief against the Salt River Police Department.

26 **III.   Leave to Amend and Plaintiff's Obligations.**

27 As noted in the Court's prior order of dismissal, "[a] pro se litigant must be given
28 leave to amend his or her complaint unless it is absolutely clear that the deficiencies of

the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint that properly states a claim for relief. Plaintiff shall have until **May 16, 2014**, to file a second amended complaint. If a second amended complaint is not filed by that date, the Clerk is directed to terminate this action without further order.

Plaintiff is advised that this is the final opportunity the Court will afford for him to amend his complaint. Plaintiff will have had three opportunities to state his claims. If Plaintiff fails to do so, the Court will dismiss this case with prejudice.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. If Plaintiff chooses to file an amended complaint asserting constitutional violations by federal or state officials, his pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's request for IFP status (Doc. 8) is **denied without prejudice**. Plaintiff may refile his request for IFP status if he files an amended complaint.

2. Plaintiff's amended complaint (Doc. 7) is **dismissed without prejudice**.

3. Plaintiff shall have until **May 16, 2014**, to file a second amended complaint.

4. The Clerk shall **terminate** this action without further order of the Court if Plaintiff fails to file a second amended complaint on or before **May 16, 2014**.

Dated this 15th day of April, 2014.

David G. Campbell
United States District Judge