**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian G. Phillips, | No. CV-13-02057-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Salt River Police Department, et al., | |
| Defendants. | |

On October 9, 2013, pro se Plaintiff filed a complaint against Defendants Salt River Police Department, Maricopa County Sheriff's Department, Salt River Casino, and the Bureau of Indian Affairs. Doc. 1. Plaintiff also filed an application to proceed in forma pauperis ("IFP"). Doc. 3. The Court screened the complaint, dismissed it for failure to state a claim, denied IFP status, and gave Plaintiff until January 6, 2014, to file an amended complaint. Doc. 6. Plaintiff filed an amended complaint (Doc. 7) on December 23, 2014, and filed an application requesting IFP status (Doc. 8). The first amended complaint was virtually identical to Plaintiff's initial complaint, and the Court dismissed the first amended complaint and denied Plaintiff's application for IFP status. Doc. 12. Plaintiff was again given until May 16, 2014 to file a second amended complaint. On May 8, 2014, Plaintiff filed this second amended complaint. Doc. 13. The Court will deny Plaintiff's application for IFP and dismiss the amended complaint for failure to state a claim. Further leave to amend will not be granted.

/ / /

**I.  Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of section 1915 concerns prisoner litigation, section 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.").

When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

**II.  Second Amended Complaint.**

Plaintiff's second amended complaint again alleges civil rights and due process violations, conversion of personal property, and a request for return of his property. Doc. 13 at 7. Plaintiff alleges that he was arrested by the Salt River Police Department

1  on the grounds of the Salt River Casino in November 2011 because security guard dogs
2  smelled marijuana coming from his vehicle. Doc. 13 at 5. He alleges that his car was
3  taken into custody and he was never read his Miranda rights. *Id*. He alleges that his
4  hearing in Salt River was unfair and in violation of his civil and due process rights, that
5  he was "constantly denied access to the courts, on the local, state and federal level," and
6  that Defendants colluded in violating his civil rights. *Id*. at 5-7.

7  Plaintiff's second amended complaint has not cured the deficiencies identified in
8  the Court's order dismissing his first two complaints. The second amended complaint
9  still sets forth no facts regarding improper conduct by the Maricopa County Sheriff's
10 Office ("MCSO"). Plaintiff states only that MCSO "aided and abetted the Salt River
11 Police Department, and conspired to cover up its illegal acts." *Id*. at 3-4. This bare
12 allegation fails to state a claim against MCSO.

13 The second amended complaint still fails to set forth the basis for liability against
14 Salt River Casino or assert that the Casino is a jural entity subject to suit. Rather, the
15 complaint states only that the arrest occurred on the casino's property and "thus they are
16 liable for the false arrest and setting him up to be arrested." *Id*. at 4. Plaintiff alleges no
17 facts that would support this assertion of liability.

18 Plaintiff also fails to set forth a basis for liability of the Bureau of Indian Affairs.
19 Plaintiff states that it is negligent for failing to investigate "allegations of civil rights
20 violations and tribal wrongdoing," but states no facts that support his assertion that the
21 Bureau should have conducted such an investigation.

22 Plaintiff's complaint does allege that his car was confiscated by the Salt River
23 Police Department, that the seizure apparently was related to his possession of marijuana,
24 that "a Salt River employee is illegally driving plaintiff's car, and [that] his car was never
25 used as evidence." *Id*. at 4. But Plaintiff still fails to explain whether his property was
26 forfeited or confiscated by court action, or to provide any facts in support of the
27 allegation that his car is being driven illegally. His complaint mentions a court
28 proceeding of some kind, perhaps in tribal court, and even makes mention of a "lower

1  court" action, suggesting that there might have been an appeal. *Id.* at 5-6. But Plaintiff
2  provides no factual description of the court proceeding, when or where it was held, or
3  what it concerned. The complaint mentions various exhibits, but they are not attached to
4  the second amended complaint. *See* Doc. 13. Because this claim continues to lack
5  factual support, the Court cannot conclude that Plaintiff has set forth a plausible claim for
6  relief against the Salt River Police Department.

**III.  Leave to Amend.**

As noted in both of the Court's prior orders of dismissal, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In its last order, however, the Court advised Plaintiff that this was the final opportunity the Court would afford him to amend his complaint, and that failure to do so would result in dismissal with prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order). Plaintiff has now had three opportunities to state claims and has failed to do so. The Court will, therefore, dismiss this case with prejudice.

**IT IS ORDERED:**

1. Plaintiff's request for IFP status is **denied with prejudice**.
2. Plaintiff's second amended complaint (Doc. 13) is **dismissed with prejudice.**

Dated this 28th day of July, 2014.

_____
David G. Campbell
United States District Judge

- 4 -